UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NIKIA ALVERSON, et al.,                                                                    PLAINTIFFS

v.                                          No. 5:21-CV-05191

ELKHART PRODUCTS CORPORATION                                                    DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant Elkhart Products Corporation's motion (Doc. 7) for partial dismissal. Plaintiffs filed a response (Doc. 10) in opposition, to which Defendant replied (Doc. 13). For the reasons set forth below, the motion will be GRANTED as stated herein.

**I.    Background**

This case is factually and procedurally related to another case pending before this Court, *McCoy v. Elkhart Products Corp.*, No. 5:20-CV-05176 (W.D. Ark. Oct. 28, 2021), of which the Court takes judicial notice. *McCoy* was originally filed as an FLSA collective action by the Sanford Law Firm, which represents Plaintiffs in the present case, and was conditionally certified. All Plaintiffs joined in this lawsuit previously opted in as plaintiffs in *McCoy* after receiving notice of that action. On August 17, 2021, Defendant filed a motion to decertify the *McCoy* collective because discovery revealed the plaintiffs were not similarly situated. McCoy agreed the class was not similarly situated and decertification was proper but requested leave to amend her complaint to remove 23 of the opt-in plaintiffs and add the remaining 43 opt-in plaintiffs as named plaintiffs in that action. Because the Court held that the standards for joinder under the FLSA and Federal Rule of Civil Procedure 20 are the same,[1] the Court denied McCoy leave to amend her complaint

---

[1] The FLSA gives the Court "the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffman-La Roche Inc. v.*

and dismissed all opt-in plaintiffs from McCoy's action.

The day after the Court denied McCoy's motion to add 43 named plaintiffs because they were not similarly situated, Plaintiffs filed the present action. The 43 dismissed opt-in plaintiffs are named Plaintiffs in this action and allege the same claim at issue in *McCoy*. Defendant filed a motion to dismiss all but one plaintiff for the same reason decertification was granted in *McCoy*. Plaintiffs contend that the standards for joinder under the FLSA and Rule 20 differ and that joining all 43 Plaintiffs in this action is proper.

## II. Analysis

### A. Misjoinder and Severance

Under Federal Rule of Civil Procedure 20(a)(1), multiple plaintiffs may join in a single action if (1) they assert a right to relief "relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties [will] arise in the action." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). "The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Id.* at 1332.

Though "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties," *id.* at 1332-33, under Rule 21 the Court has broad discretion to drop parties as fairness dictates, even without a finding that joinder was improper under Rule 20. *See*

---

*Sperling*, 493 U.S. 165, 170 (1989). The Federal Rules of Civil Procedure provide two methods for multiple plaintiffs to proceed in the same case—by being included in a Rule 23 class action or by joining as plaintiffs under Rule 20. A certified Rule 23 class is an independent legal entity and its members need not opt in, but may opt out. A collective action under the FLSA, meanwhile, may be maintained only when its plaintiffs "consent in writing to become [a party plaintiff]." 29 U.S.C. § 216(b). Therefore, whether parties may join in a collective action under the FLSA depends on whether they meet the minimum requirements for Rule 20 joinder.

2

*Longlois v. Stratasys, Inc.*, No. 13-CV-3345, 2014 WL 2766111, at *3 (D. Minn. June 18, 2014) (citing authority from various jurisdictions holding misjoinder under Rule 20 is not a necessary prerequisite for severance under Rule 21).

In deciding whether dismissal of parties is appropriate under Rule 21, courts generally consider basic principles such as fundamental fairness, judicial economy, and threats of undue delay, duplicitous litigation, and inconsistent jury verdicts. *See Quaker Oats Co. v. Coperion Corp.*, No. C-05-153, 2006 WL 8456805, at *4 (N.D. Iowa Apr. 4, 2006) (first citing 8 Moore's Federal Practice § 21.02[4] (3d ed. 2003); and then citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837-38 (1989)).

In *Botero v. Commonwealth Limousine Service Inc.*, a district court was faced with similar factual circumstances when 14 opt-in plaintiffs from a decertified FLSA collective action attempted to join the action as named plaintiffs. The court concluded that the parties were not similarly situated for purposes of Rule 20 joinder and further noted that the claims of each plaintiff would likely be factually individualized, reasoning that "rather than expediting the litigation, the case would devolve into 'scores of mini-trials involving different evidence and testimony' regarding each [plaintiff's] factual circumstances."[2] 302 F.R.D. 285, 287 (D. Mass. 2014) (quoting *Patrick Collins, Inc. v. Does 1-38*, 941 F. Supp. 2d 153, 165 (D. Mass. 2013)). Similarly, in *Pullen v. McDonald's Corp.*, when 59 former opt-in plaintiffs from a decertified collective action attempted to join the litigation as named plaintiffs, the court noted the varying and individualized factual scenarios implicated by each plaintiff and denied leave to amend the

---

[2] Unlike in FLSA collective actions, plaintiffs joined in an action pursuant to Rule 20 cannot rely on generalized or representative evidence; each plaintiff must prove his or her own claim. *See, e.g., Walls v. Host Int'l, Inc.*, No. 15-CV-00564, 2015 WL 4644638 (N.D. Ohio Aug. 4, 2015).

complaint to add the opt-in plaintiffs, noting that "[a]dding these 59 individuals will do nothing to advance judicial efficiency." Nos. 14-11081 & 14-11082, 2015 WL 10550020, at *2 (E.D. Mich. Aug. 17, 2015); *see also Watson v. Surf-Frac Wellhead Equip. Co.*, No. 11-CV-00843, 2013 WL 5596326, at *2 (E.D. Ark. Oct. 11, 2013) (holding that allowing former opt-in plaintiffs to join as named plaintiffs would create risk of jury confusion by requiring the jury to keep separate each plaintiff's "salary, start/stop dates, number of hours worked each week, [and] number of additional overtime hours claimed each week, among other information").

Just as these 43 plaintiffs were not sufficiently similarly situated to proceed in a collective action, they are not sufficiently similarly situated to proceed as joint plaintiffs under Rule 20. Plaintiffs concede that individualized questions of law and fact will arise in this case. (Doc. 10, p. 7). As in *Botero*, the Court finds that this case would likely devolve in 43 mini-trials requiring different evidence, testimony, and necessitating individualized factual findings, contrary to notions of judicial efficiency. Additionally, requiring Defendant to prepare to defend against 43 mini-trials in one action would be contrary to fundamental fairness and would result in unfair prejudice. Finally, as in *Watson*, requiring a jury to make individualized findings of fact for 43 plaintiffs and keep these findings of fact separate in their heads would create great risk of jury confusion. These considerations necessitate dismissal of parties pursuant to Rule 21.

Accordingly, all plaintiffs with the exception of Plaintiff Alverson will be dismissed from this case. If the dismissed plaintiffs wish to proceed with their claims against Defendant, they must do so by filing individual actions against Defendant. To avoid prejudice to the dismissed plaintiffs the Court orders that the statute of limitations be tolled from the date of the filing of the Complaint until the date of this Order.

### B. Attorney's Fees

Defendant requests attorney's fees incurred in re-litigating whether this case could proceed as group litigation after the Court previously decided in *McCoy* that it could not. A court has inherent power to assess attorney's fees against counsel when a party litigates in bad faith or willfully abuses judicial processes. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980). "Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Id.* Defendant has incurred no more fees in defending this action than it would have incurred briefing its opposition to a Rule 60 motion in *McCoy*, which, though it would have been denied, could have been filed in good faith. The Court will not award fees in this case.

### III. Conclusion

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 7) to dismiss parties is GRANTED and the claims of all plaintiffs, except Plaintiff Alverson, are DISMISSED WITHOUT PREJUDICE. This matter shall proceed only on the individual claims of Plaintiff Alverson.

IT IS FURTHER ORDERED that the statute of limitations on all claims against Defendant is tolled for the 42 dismissed plaintiffs for the period between the filing of the Complaint and the date of this Order.

IT IS FUTHER ORDERED that the parties file an updated Rule 26(f) report by January 21, 2022, proposing deadlines for the litigation of Plaintiff Alverson's individual claims.

IT IS SO ORDERED this 13th day of January, 2022.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

5